## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

CYNTHIA A. HAWLEY,

                Plaintiff,

v.                                    CIVIL ACTION NO.   3:19-0759

HOSPICE OF HUNTINGTON, INC.,
a West Virginia corporation,

                Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Prohibit General Damages, Front Pay and Punitive Damages.   ECF No. 85.   A pretrial hearing was held on October 12, 2021, to hear the parties' arguments on this issue.   For the foregoing reasons, the Court **GRANTS, in part,** and **DENIES, in part,** the Motion.

### DISCUSSION

Under the Patient Safety Act, plaintiffs are entitled to file a civil action when they believe they have been retaliated or discriminated against and can recover damages.   W. Va. Code § 16-39-6.   This section states that:

> A court, in rendering a judgment for a complainant in an action under this article, shall order, as the court considers appropriate, reinstatement of the health care worker, the payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages or any combination of these remedies.

*Id.*   Relevantly, this statute expressly includes backpay as a remedy, yet does not list front pay as an available remedy.   It is this lack of express authorization for front pay within the statute that Defendant claims precludes an award of such damages.

However, a case arising under the West Virginia Whistle-Blower Law—a law which includes the *same enforcement language* as the Patient Safety Act—discusses the availability of front pay in lieu of reinstatement under the language of the statute. The Supreme Court of West Virginia found that front pay is an available remedy for plaintiffs when reinstatement is not appropriate or viable. *Thompson v. Town of Alderson*, 600 S.E.2d 290, 292 (W. Va. 2004). The *Thompson* court relied on *Dobson v. Eastern Associated Coal Corp.*, which found that, in a wrongful discharge case, front pay could be awarded where reinstatement is not appropriate because such award was sound in tort law. *Id.*; *see Dobson v. Eastern Associated Coal Corp.*, 422 S.E.2d 494, 501–02 (W. Va. 1992). Because the Patient Safety Act section at issue here has the same enforcement language as found under the Whistle-Blower Act, front pay is an available remedy where reinstatement is inappropriate under the Patient Safety Act.

On the other hand, interpreting the same Whistle-Blower Act enforcement language, Judge Keely in the Northern District of West Virginia found that punitive damages were not available under the Act. *Austin v. Preston County Com'n*, 2014 WL 5148581, No. 1:13CV135, at *25 (N.D.W. Va. Oct. 14, 2014) ("The express provisions of the Whistle-Blower Act control the remedies available to a plaintiff. W.Va. Code § 6C-1-5. Therefore, punitive damages are not available to Austin as to her Whistle-Blower Act claim.").

This finding is significant to Plaintiff's claim for emotional distress damages. The West Virginia Supreme Court in *Harless v. First Nat'l Bank in Fairmont* held that plaintiffs could be entitled to emotional distress damages under a retaliatory discharge claim because retaliatory discharge "carries with it a sufficient indicia of intent." *Harless v. First Nat'l Bank in Fairmont*, 289 S.E.2d 692, 702 (W. Va. 1982). *Harless* has been interpreted with caution, reflecting a concern for the jury's discretion in assessing these kinds of damages and the extent that "emotional

distress damages may assume the cloak of punitive damages." *Id.*; *Mace v. Charleston Area Medical Center Foundation, Inc.*, 422 S.E.2d 624, 633–34 (W. Va. 1992); *Tudor v. Charleston Area Medical Center, Inc.*, 506 S.E.2d 554, 573 (W. Va. 1997).   Indeed, the Supreme Court of West Virginia has gone as far as to say that, where emotional distress damages without proof of physical trauma are sought, these damages are essentially punitive damages.   *Dzinglski v. Weirton Steel Corp.*, 445 S.E.2d 219, 229 (W. Va. 1994).   As this Court has previously discussed, punitive damages are unrecoverable under the statutory language at issue here.   *See Austin*, 2014 WL 5148581, at *25.   Therefore, neither punitive damages nor emotional damages are recoverable under the Patient Safety Act.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS, in part,** and **DENIES, in part,** the Motion,

The Clerk is **DIRECTED** to send a copy of this Opinion to counsel of record and any unrepresented parties.

ENTER:          October 13, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE